**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

JAVAR MALLOY,

                          Plaintiff,

    - v -                                     Civ. No. 1:18-CV-1460
                                                  (BKS/DJS)

JACOB SOPCHAK, MATTHEW SEEBER,
JOHN/JANE DOE #1, JOHN/JANE DOE #2,
JOHN/JANE DOE #3, MEGAN C. SPILLANE,
P. DAVID SOARES, BRENDAN COX, ALBANY
COUNTY/CITY, COUNTY OF ALBANY DISTRICT
ATTORNEY OFFICE, and ALBANY POLICE
DEPARTMENT,

                          Defendants.
_____

**APPEARANCES:**                            **OF COUNSEL:**

JAVAR MALLOY
Plaintiff, *Pro Se*
Albany County Correctional Facility
840 Albany Shaker Road
Albany, NY 12211

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

      The Clerk has sent for review a civil Complaint filed by Plaintiff *pro se* Javar Malloy. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in forma pauperis* ("IFP"). Dkt. No. 2, IFP App. By separate Order, this Court granted Plaintiff's Application to Proceed IFP. Now, in accordance with 28

U.S.C. §§ 1915(e) and 1915A, the Court will *sua sponte* review the sufficiency of the Complaint.

## I. DISCUSSION

### A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, under 28 U.S.C. § 1915A, a court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at § 1915A(a) & (b). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the

adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).  Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)).  A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice.  *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  Allegations that "are so vague as to fail to give the defendants adequate notice of the

3

claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

### B. Allegations Contained in Plaintiff's Complaint

The Complaint concerns events relating to Plaintiff's arrest and subsequent legal proceedings before an Albany County Grand Jury. *See generally* Compl. Plaintiff, an African American male, alleges that in the early morning hours of July 5, 2018, he was walking in the City of Albany between a family member's home and a store with two other African American males. *Id.* at ¶¶ 9, 18-19. Plaintiff alleges that he was wearing a white t-shirt, blue and black Hawaiian shorts, and blue and black sneakers. *Id.* at ¶ 23. He further alleges that Defendants Sopchak and Seeber, members of the Albany Police Department, received a dispatch call concerning a single African American male in possession of a gun wearing a white t-shirt, black pants, and black and white sneakers. *Id.* at ¶ 20. Despite the claimed disparity in description, and allegedly as a result of racial bias, Defendants approached Plaintiff with their guns drawn. *Id.* at ¶ 25. Plaintiff then fled into a dark alley. *Id.* at ¶ 26. Defendants Sopchak and Seeber, assisted by two John Doe Defendants, eventually apprehended Plaintiff. *Id.* at ¶¶ 28-29. Plaintiff alleges that excessive force was used during his arrest and that it was made without legal authority. *Id.* at ¶¶ 28-30 & 37.

Plaintiff then alleges that Defendant Spillane, an Assistant District Attorney, at the direction of District Attorney Soares presented false and misleading testimony to a Grand

4

Jury. *Id.* at ¶ 34. Plaintiff alleges that the conduct of all Defendants was enabled by "longstanding perpetual policy, custom or pra[c]tice" of the County and City of Albany, the Albany Police Department, and the Albany County District Attorney's Office to inadequately train and supervise staff to encourage constitutional violations of the sort alleged in the Complaint. *Id.* at ¶¶ 58-63.

The Complaint asserts the following causes of action:

(1) a claim under 42 U.S.C. § 1983 against the individual Defendants;

(2) a state law claim for assault and battery against Defendants Sopchak, Seeber, and John Does # 1 and 2;

(3) claims under 42 U.S.C. §§ 2000d and 3789d against Defendants Sopchak, Seeber, and John Does # 1 and 2;

(4) a claim for false arrest and illegal imprisonment against Defendants Sopchak, Seeber, and John Does # 1, 2, and 3;

(5) a civil conspiracy claim under 42 U.S.C. §§ 1985 and 1986 against Defendants Sopchak, Seeber, Spillane, and John Doe # 3;

(6) a section 1983 claim for retaliatory arrest against Defendants Sopchak, Seeber, and John Does # 1, 2, and 3; and

(7) a municipal liability claim against the City and County of Albany,[1] the Albany County District Attorney's Office, and Albany Police Department.

---

[1] The Complaint names "Albany County/City" as a Defendant. The Court construes Plaintiff's allegations to assert claims against both the City of Albany and the County of Albany.

### C. Sufficiency of the Pleading

Plaintiff's specific causes of action are considered below.

Plaintiff's First Cause of Action generally stated seeks relief for violations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Compl. at ¶ 42.  In this particular claim, however, he fails to articulate precisely what constitutional rights are at issue.  The Complaint references violations of the First, Fourth, Eighth, Ninth, and Fourteenth Amendments.  *See, e.g.*, Compl. at ¶ 39(a).  While the Complaint elsewhere specifies the basis of his First and Fourth Amendment claims, it fails to directly state the basis for claims under the other cited provisions.  Accordingly, the Court recommends that this cause of action be dismissed with leave to repled so that Plaintiff can specifically identify the factual and legal basis for the remaining violations alleged in the Complaint.

Plaintiff's second claim alleges assault and battery.  Compl. at ¶ 44.  "To succeed on an assault or battery claim in the law enforcement context, a plaintiff must demonstrate that defendants' conduct was not reasonable within the meaning of the New York statute concerning justification for law enforcement's use of force in the course of performing their duties." *Simmons v. Cowan*, 2015 WL 12513461, at *5 (N.D.N.Y. Mar. 11, 2015) (internal quotations omitted).  The facts as alleged must be accepted as true at this point and in alleging that Defendants tackled, twisted his arm, and caused other harm, Plaintiff has sufficiently alleged a claim for assault and battery to require a response from Defendants.

Plaintiff's third claim is a statutory discrimination claim under 34 U.S.C. § 10228[2] and 42 U.S.C. § 2000d.  Compl. at ¶¶ 47-48.  This claim is asserted only against individual Albany Police Department officials and alleges that Defendants' actions on the day in question were motivated by unlawful racial bias.  *Id.*   These statutes prohibit discrimination against members of protected classes in the administration of programs receiving federal funding.  *Mondragon v. Baruch Coll.*, 2018 WL 4689192, at *3 (E.D.N.Y. Sept. 28, 2018) (section 200d); *Macon v. United States*, 2006 WL 3041104, at *2 (D. Conn. Oct. 23, 2006) (referencing former section 3789d).  The Court recommends that Plaintiff's claim under section 2000d be dismissed with prejudice because there is no individual liability under this provision.  *Verdi v. City of New York*, 306 F. Supp. 3d 532, 542 (S.D.N.Y. 2018); *Hickey v. Myers*, 852 F. Supp. 2d 257, 267 (N.D.N.Y. 2012).

The Court also recommends dismissal of Plaintiff's claim under section 10228 for several reasons.  First, that provision contains an exhaustion of administrative remedies provision that is a predicate to the filing of a civil action and the Complaint makes no allegation that Plaintiff has satisfied that requirement.  *See* 34 U.S.C. § 10228 (c)(4)(A).  Second, the Complaint is devoid of any allegations regarding what, if any, federal funding is at issue in this case or what program Plaintiff claims to have been denied access to.  Given that these deficiencies may, in theory, be rectified by better pleading, the Court

---

[2] The Complaint cites 42 U.S.C. § 3789d but that provision has been recodified as section 10228.

recommends that dismissal as to this claim be without prejudice to Plaintiff's ability to amend the Complaint.

Next, Plaintiff asserts a false arrest claim. He alleges that his arrest was made without probable cause because at the time no crime had been reported to police, Plaintiff did not match the description of the person police were interested in, and his arrest was motivated by racial animus. Compl. at ¶¶ 22, 24, & 50. The elements of a false arrest claim are "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Weyant v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996). Accepting Plaintiff's allegations as true at this early stage of the litigation, he has sufficiently alleged facts requiring that Defendants respond to this claim.

The Fifth Cause of Action alleges that Defendants Sopchak, Seeber, Spillane, and John Doe # 3 conspired to falsely arrest and prosecute him and are thus liable under 42 U.S.C. §§ 1985 & 1986. "The four elements of a § 1985(3) claim are: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir.1993).

At the outset, this claim should be dismissed as to Defendant Spillane on the ground that she is protected by absolute immunity.[3] Prosecutors enjoy absolute immunity from suit for actions taken in the performance of their duties. *Hartman v. Moore*, 547 U.S. 250, 261-62 (2006) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), for the proposition that prosecutors are absolutely immune for actions related to the prosecutorial function). The law is well established that "absolute immunity extends to those acts, whether in or out of the courtroom, which occur in the course of the [prosecutor's] role as an advocate for the State.'" *Pinaud v. Cty. of Suffolk*, 52 F.3d 1139, 1148 (2d Cir. 1995) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993)). Here, the allegations against Spillane are that she introduced false or misleading testimony to a Grand Jury. Compl. at ¶ 34. "The presentation of a case to a grand jury falls squarely within the prosecutor's traditional function and is thus subject to absolute immunity under *Imbler*." *Maglione v. Briggs*, 748 F.2d 116, 118 (2d Cir. 1984); *Morris v. Haas*, 2018 WL 5017742, at *2 (N.D.N.Y. Oct. 16, 2018); *Urrego v. United States*, 2005 WL 1263291, at *2 (E.D.N.Y. May 27, 2005) ("It is settled law that when a prosecutor presents evidence to a grand jury and at trial he is acting as an advocate and entitled to absolute immunity on claims that

---

[3] The Court notes that although immunity from suit is a defense that would be raised by a defendant, the Second Circuit has held that, for purposes of an initial review under 28 U.S.C. § 1915, a court may find that a complaint is based on an indisputably meritless legal theory if a defense "appears on the face of the complaint," and may validly raise such a claim *sua sponte*. *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (collecting cases throughout the various Circuit Courts of Appeal that have upheld § 1915 dismissals based upon defenses that appear on the face of the complaint). The Court notes, as set forth below, that Plaintiff will have an opportunity to present any objections he has to this Court's recommendations to the assigned District Judge.

the evidence presented was false."). The fact that Plaintiff's claim is premised on an alleged conspiracy does not deprive Spillane of absolute immunity. *Pinaud v. Cty. of Suffolk*, 52 F.3d at 1148. Accordingly, the claim as to Defendant Spillane should be dismissed with prejudice.[4]

The Court further recommends that the remainder of Plaintiff's conspiracy claim, that John Doe # 3 endorsed the arresting officers' reports despite knowing them to be untrue in order to "effectuate" a conspiracy, be dismissed with prejudice. Sopchak, Seeber, and John Doe # 3 are all alleged to be employees of the Albany Police Department. Compl. at ¶10. "[T]he intracorporate conspiracy doctrine, which provides that officers, agents, and employees of a single corporate entity are legally incapable of conspiring together, applies to § 1985 conspiracy claims." *Dabney v. Sawyer*, 2015 WL 1383828, at *13 (N.D.N.Y. Mar. 25, 2015) (internal quotation omitted). Here, because the remaining Defendants to this claim are all employees of the Albany Police Department and the alleged conspiracy related to their work activities, Plaintiff's "conspiracy claims are barred by the intracorporate conspiracy doctrine." *Murphy v. City of Stamford*, 634 Fed. Appx. 804, 805 (2d Cir. 2015).

The Court also recommends that Plaintiff's claim under section 1986 be dismissed because liability under section 1985 is a necessary predicate to a claim under section 1986

---

[4] Although Defendant Soares is not specifically identified as a party to this claim, the only factual allegations against him are that he directed Spillane to engage in the challenged conduct. As the District Attorney, Soares is entitled to same absolute immunity and it is recommended he be dismissed as a Defendant.

which Plaintiff cannot satisfy here. *Shakur v. Graham*, 2015 WL 1968492, at *17 (N.D.N.Y. May 1, 2015) (citing *Brown v. City of Oneonta, N.Y.*, 221 F.3d 329, 341 (2d Cir.2000) (claim under § 1986 must be predicated on a valid § 1985 claim)).

Plaintiff's Sixth Cause of Action alleges a First Amendment claim for retaliatory arrest, *i.e.*, that he was arrested for exercising his right not to be questioned or speak to police. Compl. at ¶ 56. "To prevail on a First Amendment theory of retaliatory arrest, [Plaintiff] must prove that '(1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right.'" *Cabrera v. City of New York*, 2018 WL 4636798, at *8 (E.D.N.Y. Sept. 27, 2018) (quoting *Kuck v. Danaher*, 600 F.3d 159, 168 (2d Cir. 2010)). While there is clearly a constitutional right not to speak, *see Burns v. Martuscello*, 890 F.3d 77, 85 (2d Cir. 2018), it is far from clear that an individual exercises that right by fleeing from police as Plaintiff did here. Compl. at ¶ 26. Considering the special solicitude afforded *pro se* litigants, however, the Court recommends that this claim be permitted to proceed, and that Defendants respond to the allegations. *Williams v. Norris*, 2018 WL 5848851, at *4 (N.D.N.Y. Oct. 1, 2018), *report and recommendation adopted*, 2018 WL 5843155 (N.D.N.Y. Nov. 8, 2018) (liberally construing pleading on initial review).

Finally, Plaintiff asserts a municipal liability claim against the City and County of Albany, the Albany County District Attorney's Office, and the Albany Police

11

Department. This claim is based on alleged policies and/or customs by these entities. Compl. at ¶¶ 58-63. Generally stated the allegations in the Complaint sufficiently allege a municipal liability claim under *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978) to require that Defendants answer the Complaint. The claims against the City and County of Albany, therefore, should be allowed to proceed. Claims against the District Attorney's Office and the Albany Police Department, however, should be dismissed as they are not separate suable agencies for purposes of a *Monell* claim. *Cooper v. Proud*, 2018 WL 2729249, at *4 (N.D.N.Y. Mar. 22, 2018), *report and recommendation adopted*, 2018 WL 2727873 (N.D.N.Y. June 6, 2018); *Eaddy v. City of New York*, 2011 WL 6351866, at *3 (S.D.N.Y. Dec. 16, 2011); *Griffith v. Sadri*, 2009 WL 2524961, at *8 (E.D.N.Y. Aug. 14, 2009).

## II. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the following be **DISMISSED with prejudice**:

(1) The Fifth Cause of Action;

(2) Claims under 42 U.S.C. § 2000d;

(3) Claims against Defendants Albany County District Attorney's Office and Albany Police Department; and it is further

**RECOMMENDED**, that the Plaintiff's First Cause of Action and claim under 34 U.S.C. § 10228 be **DISMISSED without prejudice with leave to amend**; and it is further

**RECOMMENDED**, that Plaintiff's remaining claims be permitted to proceed, and that Defendants answer the Complaint; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[5] within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  January 28, 2019
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[5] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).