**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

JAVAR MALLOY,

                        Plaintiff,

v.                                                                1:18-cv-1460 (BKS/DJS)

JACOB SOPCHAK, et al.,

                        Defendants.
_____

**Appearances:**

*Plaintiff pro se:*
Javar Malloy
199-A-1946
Washington Correctional Facility, Box 180
72 Lock 11 Lane
Comstock, NY 12821

*For Defendants Megan Spillane, P. David Soares, and County of Albany:*
Daniel C. Lynch
Albany County Attorney
Michael L. Goldstein
Assistant Albany County Attorney
112 State Street, 6th Floor
Albany, NY 12207

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I.     INTRODUCTION

Plaintiff *pro se* Javar Malloy brings this action asserting claims under 42 U.S.C. §§ 1983, 1985 and 1986; 42 U.S.C. § 2000d and 3789d; and New York state law arising out of his arrest by Albany Police Department Officers and subsequent prosecution. (Dkt. No. 1). Presently before the Court is Assistant District Attorney ("ADA") Megan Spillane, District Attorney ("DA") P. David Soares, and the County of Albany's ("Defendants" or "Moving Defendants")

motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkt. No. 24). Plaintiff has failed to respond to Moving Defendants' motion, and the last two text orders mailed to Plaintiff were returned as undeliverable. (Dkt. Nos. 28, 30). For the following reasons, Moving Defendants' motion is granted.

## II.    PROCEDURAL HISTORY

Plaintiff commenced this action on December 19, 2018, and sought leave to proceed *in forma pauperis*. (Dkt. Nos. 1–2). This matter was assigned to United States Magistrate Judge Daniel J. Stewart who reviewed the Complaint under 28 U.S.C. §§ 1915(e) and 1915A and, on January 28, 2019, issued a Report-Recommendation and Order, granting Plaintiff leave to proceed *in forma pauperis* and recommending that certain claims be dismissed. *Malloy v. Sopchak ("Malloy I")*, No. 18-cv-1460, 2019 WL 1024354, at *4–5, 2019 U.S. Dist. LEXIS 14099, at *12–13 (N.D.N.Y. Jan. 28, 2019), *report and recommendation adopted*, 2019 WL 1025765, 2019 U.S. Dist. LEXIS 33460 (N.D.N.Y. Mar. 4, 2019). Specifically, Magistrate Judge Stewart recommended that the following claims be dismissed with prejudice: 1) conspiracy to commit false arrest and prosecution (the Fifth Cause of Action); 2) claims under 42 U.S.C. § 2000d; and 3) claims against Defendants Albany County District Attorney's Office and Albany Police Department. *Id.* He recommended that Plaintiff's First Cause of Action, an alleged violation of 42 U.S.C. § 1983 without reference to a constitutional violation, and his claim under 34 U.S.C. § 10228 be dismissed without prejudice to amendment, and that Plaintiff's remaining claims, assault and battery, false arrest, First Amendment retaliatory arrest, and municipal liability under *Monell* proceed. *Id.* The Court adopted the Report-Recommendation in its entirety. *Malloy v. Sopchak ("Malloy II")*, No. 18-cv-1460, 2019 WL 1025765, at *1, 2019 U.S. Dist. LEXIS 33460, at *2 (N.D.N.Y. Mar. 4, 2019).

### III.  FACTS[1]

On July 4, 2018, Plaintiff attended an Independence Day celebration "with family and friends" at his aunt's house in the City of Albany, New York. (Dkt. No. 1, ¶ 18). "Shortly after 12:30 am" on July 5, 2018, Plaintiff "exited [his] [a]unt's residence with two (2) African-American males attending [the] family gathering" to go to a store nearby. (*Id.* ¶ 19). Plaintiff, who is African-American, was "wearing [a] white T-shirt, blue and black Hawaiian shorts with blue and black sneakers." (*Id.* ¶¶ 9, 23). He was "on parole" and was "within . . . Albany County/City beyond curfew mandates." (*Id.* ¶ 24).

"At approximately 1:14 am" two members of the Albany Police Department ("APD"), Jacob Sopchak and Matthew Seeber, "received a dispatch call alleging . . . that one (1) 'Black Male,' wearing [a] white T-shirt, black pants, black and white sneakers was observed possessing [a] gun in [the] vicinity of 175 Second Street." (*Id.* ¶¶ 10, 20). "Neither Plaintiff or [the] two (2) African-American males accompanying him to the store matched the description provided to" Sopchak and Seeber. (*Id.* ¶ 24). As Plaintiff and his companions were "returning to [his] [a]unt's residence" on foot, Sopchak and Seeber "quickly approached" them "with [a] police cruiser, then immediately exited [the] police cruiser with hands on their guns in [a] threatening manner implying imminent unwarrantable police contact." (*Id.* ¶ 25).

"Plaintiff ran in route to [his] [a]unt's house and into [a] dark alley." (*Id.* ¶ 26). Despite having "no affirmative basis for arrest," Sopchak and Seeber "overzealously pursued Plaintiff." (*Id.* ¶ 27). Two other police officers "came to the aid of" Sopchak and Seeber. (*Id.*). "Defendants tackled Plaintiff to [the] ground, twisted [his] arm to [the] point of extreme pain and forced handcuffs on Plaintiff" while repeatedly screaming "stop resisting" even though "Plaintiff was

---

[1] The facts are drawn from the Complaint. (Dkt. No. 1). The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations. *Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020).

not resisting arrest during this assault." (*Id.* ¶ 28). Plaintiff was then taken in for processing. (*Id.*
¶ 29). Plaintiff "sustained bruises on [his] body, swelling/bruising and soreness on wrists, back,
[and] arms." (*Id.* ¶ 35).

Sopchak "manufactured false police arrest business records alleging Plaintiff 'fled on
foot . . . through a yard, ignoring multiple lawful commands to stop.'" (*Id.* ¶ 31). ADA Spillane,
"acting under the direction of" DA Soares, "introduced APD testimony misrepresenting to the
Albany County/City grand jury that:" (1) "Plaintiff's arrest was based upon probable cause," (2)
APD defendants "acted upon specific and/or identical description given depicting Plaintiff as
'Black Male' possessing alleged gun," (3) "Plaintiff was the 'Black Male' suspect APD police
defendants were looking for," and (4) "Plaintiff obstructed APD police defendants' valid post-
pursuit arrest." (*Id.* ¶ 34(a)–(d)).

## IV.    STANDARD OF REVIEW

The standard of review for a motion under Rule 12(c) is the same as for a motion under
Rule 12(b)(6). *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). "For
both motions, the Court must accept the allegations contained in the pleadings as true and draw
all inferences in the non-movant's favor." *Neopharm Ltd. v. Wyeth–Ayerst Int'l LLC*, 170 F.
Supp. 3d 612, 614 (S.D.N.Y. 2016) (citing *Bank of N.Y.*, 607 F.3d at 922). A complaint "must
provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City
Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v.
Twombly*, 550 U.S. 544, 570 (2007)). "Although a complaint need not contain detailed factual
allegations, it may not rest on mere labels, conclusions, or a formulaic recitation of the elements
of the cause of action, and the factual allegations 'must be enough to raise a right to relief above
the speculative level.'" *Lawtone-Bowles v. City of New York*, No. 16-cv-4240, 2017 WL

4250513, at *2, 2017 U.S. Dist. LEXIS 155140, at *5 (S.D.N.Y. Sept. 22, 2017) (quoting *Twombly*, 550 U.S. at 555).

The Court accepts as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, we read them with 'special solicitude' and interpret them 'to raise the strongest arguments that they suggest.'" *Roman v. Donelli*, 347 Fed. Appx. 662, 663 (2d Cir. 2009) (summary order) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006)). "A plaintiff's failure to respond to a motion to dismiss does not relieve the Court of its obligation to consider the merits of plaintiff's claims," and "'[i]f a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond . . . does not warrant dismissal.'" *Crenshaw v. Dondrea*, 278 F. Supp. 3d 667, 669 (W.D.N.Y. 2017) (quoting *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000)). The Court will grant a motion for judgment on the pleadings "if, from the pleadings, the moving party is entitled to judgment as a matter of law." *VCG Special Opportunities Master Fund Ltd. v. Citibank, N.A.*, 594 F. Supp. 2d 334, 340 (S.D.N.Y. 2008).

## V.   DISCUSSION

The Complaint asserts three causes of action against Moving Defendants. (Dkt. No. 1). Plaintiff brings a claim under 42 U.S.C. § 1983 alleging that ADA Spillane and DA Soares violated his constitutional rights (First Claim) and a claim alleging that they conspired to falsely

arrest and prosecute Plaintiff, violating 42 U.S.C. §§ 1985 & 1986 (Fifth Claim). (*Id.* ¶¶ 41–42, 52–54). He also brings a *Monell*[2] claim against Albany County (Seventh Claim). (*Id.* ¶¶ 57–63).

### A.      Previously Dismissed Claims

The Report-Recommendation recommended dismissing Plaintiff's First and Fifth Claims. *Malloy I*, 2019 WL 1024354, at *4–5, 2019 U.S. Dist. LEXIS 14099, at *12–13. Specifically, Magistrate Judge Stewart recommended that Plaintiff's First Claim arising under §1983 "be dismissed with leave to reple[a]d so that Plaintiff can specifically identify the factual and legal basis" of the claim because "he fails to articulate precisely what constitutional rights are at issue." *Malloy I*, 2019 WL 1024354, at *2, 2019 U.S. Dist. LEXIS 14099, at *6. As for Plaintiff's Fifth Claim, Magistrate Judge Stewart recommended that it be dismissed with prejudice because "Defendant Spillane . . . is protected by absolute immunity," and that DA "Soares is entitled to the same absolute immunity." *Malloy I*, 2019 WL 1025765, at *3 & n.4, 2019 U.S. Dist. LEXIS 14099, at *9 & *10 n.4. The Court adopted the Report-Recommendation in its entirety, dismissing Plaintiff's First Claim without prejudice—"grant[ing] [Plaintiff] leave to file an Amended Complaint within thirty (30) days"—and dismissing the Fifth Claim with prejudice. *Malloy II*, 2019 WL 1025765, at *1, 2019 U.S. Dist. LEXIS 33460, at *3 (emphasis omitted).

Moving Defendants contend that both claims should now be dismissed with prejudice, because "ADA Spillane and DA Soares are entitled to absolute immunity." (Dkt. No. 24-1, at 11). As to Plaintiff's Fifth Claim, as described above, it has already been dismissed with prejudice and thus Moving Defendants' argument is moot. As to Plaintiff's First Claim against ADA Spillane and DA Soares, Moving Defendants argue that it should now be dismissed with

---

[2] *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978).

prejudice because "[t]he entirety of Plaintiff's allegations asserted against ADA Spillane revolve around the district attorney's decision to introduce false or misleading testimony at a grand jury proceeding," and "[i]t is well recognized that a district attorney's actions before a grand jury constitute 'circumstances intimately associated with the judicial phase of the criminal process' and an attorney acting in that realm is entitled to absolute immunity." (*Id.* at 12 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976))).

"To determine whether an official enjoys absolute immunity," courts take a "'functional approach,' examining 'the nature of the function performed, not the identity of the actor who performed it.'" *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (internal quotation marks omitted)). A prosecutor "acting in the role of an advocate in connection with a judicial proceeding is entitled to absolute immunity for all act 'intimately associated with the judicial phase of the criminal process.'" *Id.* (quoting *Imbler*, 424 U.S. at 430)). "Examples of 'intimately associated' prosecutorial acts include . . . evaluating and organizing evidence for presentation at a trial or *grand jury*." *Turner v. Boyle*, 116 F. Supp. 3d 58, 79 (D. Conn. 2015) (quoting *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (emphasis added)); *see also Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) (holding that a prosecutor had absolute immunity for "conspiring to present falsified evidence to, and to withhold exculpatory evidence from, a grand jury"); *Pinaud v. Cty. of Suffolk*, 52 F.3d 1139, 1149 (2d Cir. 1995) (determining that a prosecutor had absolute immunity for alleged misrepresentations to a grand jury).

The Court agrees with Moving Defendants that ADA Spillane and DA Soares have absolute immunity. Though the Court granted him leave to replead, Plaintiff failed to "identify the factual and legal basis" for his First Claim. *Malloy I*, 2019 WL 1024354, at *2, 2019 U.S.

Dist. LEXIS 14099, at \*6. The only allegations pertaining to ADA Spillane and DA Soares in the Complaint involve ADA Spillane's misrepresentations to the grand jury, which she gave "acting under the direction of" DA Soares. (Dkt. No. 1, ¶ 34). Thus, any § 1983 claims arising out of these actions would be barred because their actions were "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. Given that leave to amend a complaint "need not be given when amendment would be futile," *Castro v. Cusack*, No. 15-cv-6714, 2019 WL 3385218, at \*9, 2019 U.S. Dist. LEXIS 125411, at \*25 (E.D.N.Y. July 26, 2019) (quoting *Sodhi v. Mercedes Benz Fin. Servs., USA, LLC*, 957 F. Supp. 2d 252, 255 (E.D.N.Y. 2013)), and Plaintiff, who did not respond to Moving Defendants' motion, has identified no facts suggesting a viable claim. Thus, the Court dismisses Plaintiff's First Claim against ADA Spillane and DA Soares with prejudice.

###### B.   *Monell* Claim

The Complaint asserts *Monell* claims against the City and County of Albany, alleging that they had a "longstanding perpetual policy, custom, or practice" to "inadequately supervise and train police officials, [and] support retaliatory arrest animus conduct" including the "defendant officers and coconspirator prosecuting defendant attorneys, thereby failing to adequately discourage further constitutional violations." (Dkt. No. 1, ¶ 60). According to Plaintiff, the City and County of Albany "did not require appropriate in-service training or re-training of APD officials or prosecuting attorneys who were known to have engaged in police or prosecutorial conduct," and "as a consequence" the defendants in this case "believed that their actions and omissions would not be properly monitored . . . and that misconduct would not be investigated or sanctioned." (*Id.* ¶ 62). Plaintiff describes three "incidents" that illustrate this "policy and/or custom," including: (1) "On November 9, 1988, Roland James was unlawfully arrested and imprisoned," (2) "In 2006 civilian Constance Hines' vehicle was unlawfully seized

and retained," and (3) "In June of 2014 civilian Andre Cantay was unlawfully arrested." (*Id.* ¶ 59(a)–(c)). Moving Defendants contend that Plaintiff's *Monell* claim should be dismissed as to Albany County because Plaintiff "asserts in conclusory fashion that the County inadequately supervises and trains its prosecuting attorneys without providing any detail or factual support." (Dkt. No. 24-1, at 16).

"It is well established that 'under § 1983, local governments are responsible only for 'their own illegal acts.'" *Outlaw v. City of Hartford*, 884 F.3d 351, 372 (2d Cir. 2018) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011)). Local governments "are not vicariously liable under § 1983 for their employees' actions." *Id.* (quoting *Connick*, 563 U.S. at 60); *see also, e.g.*, *Bd. of Cty Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) ("We have consistently refused to hold municipalities liable under a theory of *respondeat superior*.").

"To establish liability under *Monell*, a plaintiff must show that he suffered the denial of a constitutional right that was caused by an official municipal policy or custom." *Bellamy v. City of New York*, 914 F.3d 727, 756 (2d Cir. 2019). "[A] municipal policymaker's failure to act, generally pleaded as a failure to train/supervise claim, can trigger municipal liability where was a failure 'amounts to deliberate indifference to the rights' of those with whom municipal employees will come into contact.'" *Santos v. New York City*, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) (quoting *Walker v. City of New York*, 974 F.2d 293, 297 (2d. Cir. 1992)). A plaintiff "must do more than simply state that a municipal policy or custom exist" but that "must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." *Id.* (quoting *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993). "Normally, 'a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the [municipality].'" *Triano v. Town of*

*Harrison, NY*, 895 F. Supp. 2d 526, 532 (S.D.N.Y. 2012) (quoting *Newton v. City of New York*,

566 F. Supp. 2d 256, 271 (S.D.N.Y. 2008)). "Although there is no heightened pleading

requirement for complaints alleging municipal liability under § 1983," a complaint "does not

'suffice if it tenders naked assertion[s] devoid of further factual enhancement.'" *Id.* (quoting

*Iqbal*, 556 U.S. at 678).

　　　The Court agrees with Moving Defendants that the Complaint is insufficient to allege a

*Monell* claim against Albany County based on a custom of tolerating prosecutorial misconduct.

"Plaintiff has not alleged any facts to support an inference that [the County] has a custom or

practice of tolerating [prosecutorial misconduct], or of failing to discipline and supervise

miscreant [prosecutors]." *Triano*, 895 F. Supp. 2d at 535 (S.D.N.Y. 2012) (dismissing a *Monell*

claim based on failure to train/supervise because, inter alia, "mere allegations of a municipal

custom or practice of tolerating official misconduct are insufficient to demonstrate the existence

of such a custom unless supported by factual details"). As Moving Defendants argue, Plaintiff

"does not reference a single previous incident of alleged prosecutorial misconduct." (Dkt. No.

24-1, at 16). While the Complaint lists three other "incidents" related to Plaintiff's *Monell* claim,

these pertain to unlawful arrests and seizures, and Plaintiff does not connect them in any way to

prosecutorial misconduct.

　　　To the extent Plaintiff is attempting to bring a *Monell* claim against the County based on

the actions of the APD officers—rather than the prosecutors—it likewise fails because the

allegations regarding the County's alleged involvement with the City of Albany Police

Department policies are conclusory and do not lead to a plausible inference that they caused

Plaintiff's unlawful arrest. *See Outlaw*, 884 F.3d at 373 (explaining that a *Monell* claim requires

the plaintiff to show "a direct causal link between a municipal policy or custom and the alleged

constitutional deprivation") (citation omitted); *see also Grantley v. City of New York*, No. 12-cv-8294, 2013 WL 6139688, at *3, 2013 U.S. Dist. LEXIS 165800, at *8 (S.D.N.Y. Nov. 21, 2013) (dismissing a plaintiff's *Monell* claim where the complaint was "light on facts and heavy on conclusory language").

Accordingly, the Court dismisses Plaintiff's *Monell* claim against the County of Albany.[3] Given Plaintiff's *pro se* status, this claim is dismissed with leave to replead so that Plaintiff can specifically identify facts which lead to a reasonable inference that he suffered a denial of a constitutional right that was caused by an Albany County policy or custom. *See Maharishi Hardy Blechman Ltd. v. Abercrombie & Fitch Co.*, 292 F. Supp. 2d 535, 555 (S.D.N.Y. 2003) (noting that courts routinely grant leave to replead following judgment on the pleadings, unless amendment would be futile).

## C.    Duty to Update Address

The last two text orders mailed to Plaintiff were returned as undeliverable, and Plaintiff failed to file a response to Moving Defendants' motion despite the Court granting him an extension. (Dkt. Nos. 27–28, 30). "Parties have an obligation to notify the Court of any change of address," and "[t]his rule applies to both represented parties as well as *pro se* litigants." *Kalamaras v. Sposato*, No. 16-cv-459, 2017 WL 6459567, at *1, 2017 U.S. Dist. LEXIS 206721, at *3 (E.D.N.Y. Nov. 3, 2017) (citing *Rossman v. Suffolk Times*, No. 13-cv-3142, 2013 WL 4065020, at *1, 2013 U.S. Dist. LEXIS 113072, at *3 (E.D.N.Y. Aug. 12, 2013)), *report and recommendation adopted*, 2017 WL 6493229, 2017 U.S. Dist. LEXIS 206677 (E.D.N.Y. Dec. 14, 2017); *see also* Northern District of New York Local Rule 10.1(c)(2) ("All . . . *pro se* litigants must immediately notify the Court of any change of address."). The Court therefore

---

[3] Given that the City of Albany is not a party to the current motion, the Court has not considered the *Monell* claim to the extent it is alleged against the City.

orders Plaintiff to provide the Clerk of the District Court with a current address within thirty (30)

days of this Order. The Court advises Plaintiff that failure to follow this order and "the failure to

maintain such an address with the Court is a ground for failure to prosecute," *Laney v. Ramirez*,

No. 10-cv-9063, 2011 WL 6594491, at *1, 2011 U.S. Dist. LEXIS 147770, at *2 (S.D.N.Y. Dec.

22, 2011) (collecting cases), and will result in the dismissal of this case. *See LeSane v. Hall's*

*Sec. Analyst, Inc.*, 239 F.3d 206, 209–11 (2d Cir. 2001).

## VI.   CONCLUSION

For these reasons, it is

**ORDERED** that Moving Defendants' Motion to Dismiss (Dkt. No. 24) is **GRANTED**;

and it is further

**ORDERED** that Plaintiff's § 1983 claim (First Claim) against ADA Spillane and DA

Soares is **DISMISSED with prejudice**; and it is further

**ORDERED** that Plaintiff's *Monell* claim (Seventh Claim) against Albany County is

**DISMISSED without prejudice with leave to amend**; and it is further

**ORDERED** that Plaintiff is granted leave to file an Amended Complaint **within thirty**

**(30) days** of the date of this Order. Any Amended Complaint must be a complete pleading which

will replace the current Complaint in total; and it is further

**ORDERED** that Plaintiff must provide his address to the Court **within thirty (30) days**

of this Order; and it is further

**ORDERED** that if no Amended Complaint is filed within thirty (30) days of the date of

this Order, the Clerk is directed to terminate Albany County as a defendant in this case.

**IT IS SO ORDERED.**

Dated: July 31, 2020
          Syracuse, New York

Brenda K. Sannes
U.S. District Judge