**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

JAVAR MALLOY,

                         Plaintiff,

v.

                                                                    1:18-cv-1460 (BKS/DJS)

JACOB SOPCHAK, *et al*.,

                         Defendants.

_____

**Appearances:**

*Plaintiff, pro se*:
Javar Malloy
19-A-1946
Washington Correctional Facility
Box 180
72 Lock 11 Lane
Comstock, NY 12821

*Attorney for Defendants Jacob Sopchak, Matthew Seeber and City of Albany*:
Stephen J. Rehfuss
The Rehfuss Law Firm, P.C.
40 British American Blvd.
Latham, NY 12110

**Hon. Brenda K. Sannes, United States District Judge:**

### ORDER TO SHOW CAUSE

        Plaintiff pro se Javar Malloy brought this action asserting claims under 42 U.S.C. §§

1983, 1985 and 1986; 42 U.S.C. §§ 2000d and 3789d; and New York law arising out of his arrest

by Albany Police Department Officers and subsequent prosecution by the Albany County

District Attorney's Office. (Dkt. No. 1). On October 1, 2019, the Defendant District Attorney,

Assistant District Attorney and County of Albany ("Albany County Defendants") moved for

judgment on the pleadings under Fed. R. Civ. P. 12(c). (Dkt. No. 24). Plaintiff failed to respond

to that motion, and a text order mailed to Plaintiff at the Washington Correctional Facility,

granting an extension of time to respond to that motion, was returned as refused with a note

"inmate refused." (Dkt. No. 30). On July 31, 2020, the Court granted the Albany County

Defendants' motion, and granted Plaintiff leave to file an Amended Complaint within 30 days.

(Dkt. No. 31). The Court also directed Plaintiff to provide his address within 30 days; the Court

informed Plaintiff that the failure to follow this order and the failure to maintain his address with

the Court is a ground for failure to prosecute and will result in dismissal of the case. (*Id.* at 11-

12). This Order was returned to the Court as undeliverable on August 12, 2020; the envelope was

marked "Return to Sender, Refused, Unable to Forward." (Dkt. No. 32).[1]

Plaintiff has not communicated with the Court in more than 2 years: he has not filed

anything with the Court since his Complaint was filed on December 19, 2018. (Dkt. No. 1).

Thus, because it appears that Plaintiff has failed to prosecute this action diligently, Plaintiff is

ordered to show cause why this action should not be dismissed for failure to prosecute. *See*

N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action

or proceeding diligently, the assigned judge shall order it dismissed."); *Horton v. City of N.Y.*,

636 F. App'x 822, 823 (2d Cir. 2016) ("[A]lthough the text of Fed. R. Civ. P. 41(b) expressly

addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned

that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for

---

[1] The Court has confirmed that Plaintiff is still incarcerated at Washington Correctional Facility
by checking the DOCCS website at www.doccs.ny.gov.

2

failure to prosecute." (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001))). Accordingly, it is

    **ORDERED** that both parties, **Plaintiff and Defendant**, shall file and serve, **by February 17, 2021**, a response to this Order setting forth the status of this action and whether good cause exists to dismiss it for failure to prosecute. N.D.N.Y. L.R. 41.2(a).

    It is further **ORDERED** that **IF THE COURT DOES NOT RECEIVE A RESPONSE FROM PLAINTIFF ON OR BEFORE FEBRUARY 17, 2021, THIS ACTION WILL BE DISMISSED**; and it is further

    **ORDERED** that the Clerk of the Court is directed to serve a copy of this Order to Show Case on the parties in accordance with the Local Rules.

    **IT IS SO ORDERED.**

    **Dated: January 21, 2021**

Brenda K. Sannes
U.S. District Judge