**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JAVAR MALLOY,

                                Plaintiff,                      1:18-cv-1460 (BKS/DJS)

v.

JACOB SOPCHAK, *et al*.,

                                Defendants.

**Appearances:**

*Plaintiff, pro se*:
Javar Malloy
19-A-1946
Washington Correctional Facility
Box 180
72 Lock 11 Lane
Comstock, NY 12821

*Attorney for Defendants Jacob Sopchak, Matthew Seeber and City of Albany*:
Stephen J. Rehfuss
The Rehfuss Law Firm, P.C.
40 British American Blvd.
Latham, NY 12110

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.    INTRODUCTION

Plaintiff pro se Javar Malloy commenced this action under 42 U.S.C. §§ 1983, 1985 and

1986; 42 U.S.C. § 2000d and 3789d; and New York state law against Jacob Sopchak, Matthew

Seeber, John Does #1-3, Megan C. Spillane, P. David Soares, Brendan Cox, the City and County

of Albany, the Albany County District Attorney's Office, and the Albany Police Department

arising out of Plaintiff's arrest by Albany Police Department Officers and subsequent

prosecution. (Dkt. No. 1). On January 21, 2021, the Court issued an Order to Show Cause as to whether good cause exists to dismiss for failure to prosecute. (Dkt. No. 33). For the reasons set forth below, this action is dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

## II.    PROCEDURAL HISTORY

Plaintiff filed the Complaint on December 19, 2018. (Dkt. No. 1). On January 28, 2019, United States Magistrate Judge Daniel J. Stewart reviewed the Complaint and issued a Report-Recommendation recommending: the dismissal of Plaintiff's civil conspiracy claim against Defendants Sopchak, Seeber, Spillane, and John Doe # 3 (Fifth claim), claims under 42 U.S.C. § 2000d, and claims against Defendants Albany County District Attorney's Office and Albany Police department with prejudice; and dismissal of Plaintiff's claims under 42 U.S.C. § 1983 against the individual Defendants (First Claim) and claims under 34 U.S.C § 10228 without prejudice and with leave to amend. (Dkt. No. 4). The Court adopted Judge Stewart's Report-Recommendation in its entirety on March 4, 2019, and granted Plaintiff 30 days to file an amended complaint. (Dkt. No. 5). Plaintiff failed to file an amended complaint, and the Complaint remained the operative pleading. (Dkt. No. 6).

On May 20, 2019, Defendants City of Albany, Sopchak, and Seeber filed an Answer, (Dkt. No. 13), and on July 9, 2019, Defendants County of Albany, Soares, and Spillane filed an Answer, (Dkt. No. 18). On October 1, 2019, Defendants County of Albany, Soares, and Spillane filed a motion for judgement on the pleadings. (Dkt. No. 24). Plaintiff's response was due by October 21, 2019. (*Id.*). On December 9, 2019, mail sent to Plaintiff at the Albany County Correctional Facility was returned as undeliverable in an envelope that said Plaintiff was "no longer incarcerated at [the] facility." (Dkt. No. 28). Plaintiff failed to file a response, but "[i]n light of Plaintiff's pro se status and change of address to Washington Correctional Facility,"

2

Plaintiff was granted an extension of time to file, and a response was due by December 27, 2019. (Dkt. No. 29). Plaintiff failed to file any response, and on December 20, 2019, mail sent to Plaintiff at the Washington Correctional Facility was returned as undeliverable with the envelope noting that "inmate refused." (Dkt. No. 30).

On July 31, 2020, the Court granted Defendants County of Albany, Spillane, and Soares's motion and dismissed Plaintiff's § 1983 claim (First Claim) against Defendants Spillane and Soares with prejudice and Plaintiff's *Monell* claim (Seventh Claim) against Defendant County of Albany without prejudice. (Dkt. No. 31, at 12). Plaintiff was granted leave to file an amended complaint within thirty days of the Order, and was also directed to provide his address to the Court within thirty days. (*Id*.). The Court noted that the "last two text orders mailed to Plaintiff were returned as undeliverable, and Plaintiff failed to file a response to Moving Defendants' motion despite the Court granting him an extension." (*Id*. at 11). Plaintiff was advised that should he fail to follow the Court's order to provide a current address, it would be grounds for failure to prosecute and "will result in the dismissal of this case." (*Id*. at 12). This Order was returned to the Court as undeliverable on August 12, 2020; the envelope was marked "Return to Sender, Refused, Unable to Forward." (Dkt. No. 32).

On January 1, 2021, the Court ordered Plaintiff "to show cause why this action should not be dismissed for failure to prosecute" under N.D.N.Y. L.R. 41.2(a). (Dkt. No. 33, at 2) (citing *Horton v. City of N.Y.*, 636 F. App'x 822, 823 (2d Cir. 2016) ("[A]lthough the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute." (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)))). The order directed Plaintiff and Defendants to file a status

report by February 17, 2021. (Dkt. No. 33, at 3). The order was sent to Plaintiff at Washington

Correctional Facility and returned as undeliverable, with the envelope marked "Inmate refused."

(Dkt. No. 35). Defendants timely filed a status report noting that Plaintiff "has not only failed to

prosecute this matter," he "has been wholly absent from this case" and requesting that the Court

dismiss this matter in its entirety for Plaintiff's failure to pursue his claims." (Dkt. No. 34, at 2).

Plaintiff has not communicated with the Court in more than 2 years: he has not filed

anything with the Court since his Complaint was filed on December 19, 2018. (Dkt. No. 1).

## III.   DISCUSSION

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to

prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," a court may

dismiss the action. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962).

Moreover, the Second Circuit has stated that:

> [T]he involuntary dismissal is an important tool for preventing
> undue delays and avoiding docket congestion. But it is also one of
> the harshest sanctions at a trial court's disposal, since it usually
> extinguishes the plaintiff's cause of action and denies plaintiff his
> day in court. As a result, it is reserved for use only in the most
> extreme circumstances.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250-51 (2d Cir. 2004) (internal citation

omitted). The Second Circuit has further stated that courts "should be especially hesitant to

dismiss for procedural deficiencies where the failure is by a *pro se* litigant." *Hunter v. N.Y. State

Dep't of Correctional Servs.*, 515 F. App'x 40, 42 (2d Cir. 2013) (quoting *Lucas v. Miles*, 84

F.3d 532, 535 (2d Cir. 1996)) (internal punctuation omitted).

When determining whether dismissal for failure to prosecute under Rule 41(b) of the

Federal Rules of Civil Procedure is appropriate, courts must consider the following factors:

> whether (1) the plaintiff's failure to prosecute caused a delay of
> significant duration; (2) plaintiff was given notice that further delay

4

> would result in dismissal; (3) defendant was likely to be prejudiced
> by further delay; (4) the need to alleviate court calendar congestion
> was carefully balanced against plaintiff's right to an opportunity for
> a day in court; and (5) the trial court adequately assessed the efficacy
> of lesser sanctions.

*U.S. ex rel. Drake*, 375 F.3d at 254. None of these factors is dispositive. *Lopez v. Smurfit-Stone Container Enter., Inc.*, 289 F.R.D. 103, 104-05 (W.D.N.Y. 2013).

Considering these factors, the Court concludes that dismissal for failure to prosecute is warranted under the circumstances of this case. First, Plaintiff's failure to prosecute has delayed this action significantly—it has been pending for more than two years and Plaintiff has not communicated with the Court since he filed his Complaint. Second, Plaintiff was given notice that failure to cooperate or appear in connection with this case could result in dismissal. (Dkt. No. 31). Third, Defendants have been prejudiced by Plaintiff's failure to prosecute this action, as Plaintiff's failure to update his address has impeded the discovery process. (Dkt. No. at 34, at 1-2 (noting that Defendants City of Albany, Sopchak, and Seeber mailed discovery demands to Plaintiff on January 30, 2020 to which they did not receive a response, and subsequently mailed a follow-up letter on April 8, 2020 which was returned as undeliverable)). Fourth, while the Court is mindful of Plaintiff's right to be heard, because he has failed to file a response to Defendants' motion or the Court's Order to Show Cause and has made no contact with the Court in over two years, despite the Court's directives, (Dkt. No. 27, 24, 33), the Court finds that the need to alleviate calendar congestion outweighs Plaintiff's right to a day in court. Fifth, where, as here, Plaintiff has made no indication that he intends to pursue this action, the Court concludes that a sanction less than dismissal would be ineffective. Thus, having carefully considered the relevant factors, as well as Plaintiff's status as a pro se litigant, the Court finds that dismissal is warranted.

IV.     **CONCLUSION**

For these reasons, it is hereby

**ORDERED** that the Complaint (Dkt. No. 1) is **DISMISSED without prejudice** for

failure to prosecute; and it is further

**ORDERED** that the Clerk of the Court is directed to serve a copy of this Memorandum-

Decision and Order in accordance with the Local Rules and close this case.

**IT IS SO ORDERED.**

Dated: March 30, 2021
        Syracuse, New York

Brenda K. Sannes
U.S. District Judge